IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1997 SESSION



FILED

December 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| MARCUS N. LEWIS, | ) | No. 03C01-9704-CR-00132 |
| | ) | |
| Appellant | ) | |
| | ) | KNOX COUNTY |
| V. | ) | |
| | ) | HON. RAY L. JENKINS, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Post-Conviction) |
| | ) | |
| | ) | |

For the Appellant:

Leslie M. Jeffress
1776 Riverview Tower
900 S. Gay Street
Knoxville, TN 37902

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Peter M. Coughlan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493


Randall E. Nichols
District Attorney General

Robert L. Jolley, Jr.
Assistant District Attorney
City-County Building, Suite 168
400 Main Avenue
Knoxville, TN 37901


OPINION FILED: _____


AFFIRMED PURSUANT TO RULE 20


William M. Barker, Judge

**OPINION**

The appellant, Marcus N. Lewis, appeals as of right the dismissal by the Knox County Criminal Court of his petition for post-conviction relief. On appeal, he argues that the trial court erred in dismissing his petition without an evidentiary hearing. Pursuant to Tennessee Court of Criminal Appeals Rule 20, we affirm the trial court's order of dismissal.

Appellant was indicted for first degree premeditated murder and felony murder for the 1992 robbery and murder of Michael Yeary. As part of a plea agreement, the appellant pled guilty to second degree murder. He also consented to an amendment to the indictment to include a charge of especially aggravated robbery, to which he also pled guilty.[1] The agreement recommended a sentence of twenty-five (25) years on each count to be served consecutively for an effective sentence of fifty (50) years as a Range I offender. On April 5, 1993, the trial court accepted the plea agreement and sentenced appellant accordingly.

On February 7, 1996,[2] appellant filed a *pro se* petition for post-conviction relief alleging the ineffective assistance of counsel and that his plea was coerced. After the appointment of counsel, the petition was amended to include two factually specific grounds. The amended petition alleged that appellant's guilty plea on the amended offense of especially aggravated robbery was coerced because the trial court failed to adequately advise the appellant about waiver of the right to a grand jury proceeding on that charge. Furthermore, the petition alleged that counsel was ineffective for failing to object to the trial court's inadequate explanation of that right.

---

[1]Appellant's guilty pleas were entered as best interest pleas pursuant to <u>North Carolina v. Alford</u>, 400 U.S. 25, 91 S. Ct. 160, 17 L. Ed. 2d 162 (1970).

[2]Appellant's petition was timely filed under our supreme court's ruling in <u>Arnold Carter v. State</u>, No. 03S01-9612-CR-00117 (Tenn. at Knoxville, September 8, 1997). Under the previous post-conviction act, appellant had three years from the date of his conviction to file a post-conviction petition. Tenn. Code Ann. §40-30-102 (repealed 1995). Because that time frame had not expired when the 1995 Post-Conviction Act took effect, appellant had one year from its effective date, May 10, 1995, in which to file his petition. <u>Carter</u>, Slip. op. at 6.

Prior to the submission of proof at the evidentiary hearing, the State moved for dismissal of the petition, asserting that appellant's claims relating to the amendment of the indictment did not allege a constitutional violation and that the remaining claims were not supported by the requisite factual allegations. See Tenn. Code Ann. §40-30-206(d) (Supp. 1996). After hearing the arguments of counsel, the trial court dismissed appellant's petition and later entered a written order of dismissal.

A review of the record indicates that the trial court did not err in failing to hold an evidentiary hearing. The transcript of the guilty plea hearing clearly reflects that the trial court fully explained and advised the appellant about his right to grand jury review of the especially aggravated robbery charge. The transcript from that hearing indicates that the trial court explained the right of grand jury review to the appellant on three separate occasions during the hearing, that counsel explained it to appellant in open court, and that appellant conferred with his counsel privately on several occasions. Near the conclusion of the guilty plea hearing, the court made a final explanation to ensure the appellant's understanding. Appellant's affirmative responses to the trial court's questions indicated an unequivocal waiver of the right to grand jury review in exchange for the plea agreement.

The remaining grounds of ineffective assistance of counsel and coercion were not supported by the requisite factual basis and were properly dismissed. Tenn. Code Ann. §40-30-206(d) (Supp. 1996). Although appellant had the benefit of counsel, the original grounds for relief were not amended to include particular factual allegations. Moreover, the trial court noted that any testimony the appellant could offer at a hearing would be contradictory to his previous statements at the guilty plea hearing and, therefore, insufficient to sustain his allegations by clear and convincing evidence. See Tenn. Code Ann. §40-30-210(f) (Supp. 1996). We agree.

Finding that no error of law was committed by the trial court and that an opinion would have no precedential value, the dismissal of appellant's post-conviction petition is affirmed pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

_____
William M. Barker, Judge


_____
Gary R. Wade, Judge


_____
Paul G. Summers, Judge

4